**Celio Moises PEREZ–HUANCA,** Petitioner,

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 02–71665.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.*

Decided March 14, 2005.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Alberto Gonzales, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. Fed. R.App. P. 43(c)(2).

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, Daniel E. Goldman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

** This panel unanimously finds this case suitable for decision without oral argument.

Before: LEAVY, GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Celio Moises Perez–Huanca petitions for review of the Board of Immigration Appeals' (BIA) decision affirming without opinion the oral decision of the immigration judge (IJ). The IJ denied Petitioner's application for asylum and withholding of deportation. We deny the petition for review.

■ 1. Substantial evidence supports the IJ's adverse credibility determination. In his asylum application, Petitioner claimed persecution on the ground that Shining Path guerillas were attempting to recruit him. At the hearing before the IJ, however, Petitioner failed to testify regarding that recruitment effort and instead testified that the Shining Path had threatened his life because he was a "general brigadier" at his school in Azampapa Chilca, Peru. Discrepancies regarding the alleged ground of persecution " 'involve[ ] the heart of the asylum claim' and support the negative credibility finding." *De Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997) (quoting *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990)). Accordingly, the IJ permissibly discredited Petitioner's testimony.

■ 2. Even if deemed credible, Petitioner's testimony fails to establish his eligibility for asylum or withholding of deportation. With respect to the alleged death threats that he received, the record shows only that Shining Path guerillas had in-

Fed. R.App. P. 34(a)(2).

cluded Petitioner's name on a "death list" left at his school after the assassination of his teacher. "Our court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself." *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). Therefore, Petitioner failed to establish past persecution.

█ Because Petitioner failed to establish past persecution, the burden fell on him to establish that internal relocation was unreasonable. *Cardenas v. INS,* 294 F.3d 1062, 1066 (9th Cir.2002); 8 C.F.R. § 208.13(b)(3)(i). After Petitioner left the school, Petitioner lived for a year and a half without incident in Lima, Peru, before arriving in the United States. Because the record shows that he could relocate and, indeed, did relocate safely within the country, Petitioner has failed to establish his eligibility for asylum.

3. Because Petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

4. Petitioner's contention that the BIA's summary affirmance is a violation of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

PETITION DENIED.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. 43(c)(2).

---

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).